The Honorable Becky Lynn State Representative P.O. Box 450 Heber Springs, Arkansas 72543
Dear Representative Lynn:
This is in response to your request for an opinion on the calculation of sick leave pay for law enforcement officers under A.C.A. § 14-52-107. Your question is as follows:
 A.C.A. § 14-52-107(a)(1), regarding uniform sick leave requires cities of the first and second class or incorporated towns to pay all law enforcement officers sick leave at the rate of twenty (20) working days per year, beginning one (1) year after the date of employment.[1] My question is: Does A.C.A. § 14-52-107(a)(2), which requires the city to pay unused sick leave `to a maximum of sixty (60) days' mean sixty working days, or sixty calendar days? [Emphasis original.]
You state that your question is on behalf of a constituent whose accumulated unused sick leave was calculated by multiplying his monthly salary by two.
It is my opinion that the phrase "sixty days" in A.C.A. §14-52-107(a)(2), with regard to accumulation of sick leave refers to 60working days, but that the lump sum payment restriction on retirement or death found at A.C.A. § 14-52-107(c), which restricts the payment to "sixty days salary" (or ninety days salary if so provided by ordinance) refers to sixty calendar days salary. Thus, the calculation of your constituent's lump sum sick leave pay is correct.
The statute, in relevant part, provides as follows:
 (a)(1) From and after April 11, 1969, all law enforcement officers, regardless of their titles, such as city marshal, employed by cities of the first and second class or incorporated towns shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
 (2) If unused, sick leave shall accumulate to a maximum of sixty (60) days unless the city or town, by ordinance, authorizes the accumulation of a greater amount, in no event to exceed a maximum accumulation of ninety (90) days, except for the purpose of computing years of service for retirement purposes.
* * *
 (b)(2) Time off may be charged against accumulated sick leave only for such days that an officer is scheduled to work. No such sick leave as provided in this section shall be charged against any officer during any period of sickness, illness, or injury for any days which the officer is not scheduled to work.
 (c) If, at the end of his term of service, upon retirement or death whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death. Payment for unused sick leave in the case of a police officer, upon retirement or death, shall not exceed sixty (60) days salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety (90) days salary. [Emphasis added.]
The statute above deals with two separate aspects of sick leave: 1) its accumulation and use, and 2) payment for such leave upon retirement or death. In my opinion, law enforcement officers accumulate twenty working
days per year (after the first year) of sick leave under subsection (a)(1) above, which they may use when absent because of illness or injury. They may accumulate these days up to a maximum of sixty working days. The conclusion that the (a)(1) reference is to "working" days is reinforced by subsection (b)(2), which states that "time off may be charged against accumulated sick leave only for such days that an officer is scheduled to work." Thus, when an officer is out sick, and misses a "day" of work, he or she must use a "day" of sick leave to cover the time absent. There is no calculation made for weekends or other time the officer is not scheduled to work. This fact negates any proposition that sick leave is accumulated in "calendar days," or used pursuant to a "calendar day" calculation. Thus, an officer may accumulate up to sixty working days of sick leave to use when ill or injured.
Your question, however, concerns the second aspect of the statute, i.e. the payment of a lump sum amount for accumulated unused sick leave upon retirement or death under subsection (c) above. That subsection states that "[p]ayment for unused sick leave . . . shall not exceed sixty (60) days salary, unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety days salary." The lump sum payment, therefore, (at least in cities not enacting ordinances to the contrary) is limited to "sixty days salary." In my opinion the plain meaning of this phrase equates to roughly two months salary (sixty days salary being based upon calendar days). I cannot envision a court concluding that the phrase "sixty days salary" means sixty "working" days of salary, so that, for example, based upon a five day work week, "sixty days salary" would more nearly translate into eighty or ninety calendar days of salary. (Sixty days divided by 5 days a week equals twelve weeks salary.) In my opinion, rather, "sixty days salary" refers to sixty calendar days salary, and thus, the lump sum payment is limited to this amount.
This conclusion may seem anomalous in light of the fact that subsection (a)(1) allows the accumulation of sixty working days of sick leave. Any officer who retires or dies with a fully accumulated sixty working days of sick leave will not be compensated for this amount (assuming there is no ordinance to the contrary). He or she can only be compensated for sixty calendar days salary. Section 14-52-107, relating to law enforcement officers, is distinguishable in this respect from A.C.A. §14-53-108, relating to sick leave for firefighters, which, although it contains exactly the same accumulation figures in subsection (a)(1), restricts the lump sum payment under subsection (c) to three monthssalary (or four and a half months salary, if so provided by ordinance), rather than restricting the payment to "sixty days salary," as does A.C.A. § 14-52-107.[2] The reason for the discrepancy, which came about by virtue of Act 241 of 1971 and Act 842 of 1983, is unclear, and is a question best left addressed to the legislature. I am constrained, in the issuance of legal opinions, as a court would be, to interpreting the plain language used by the legislative branch, and giving effect to that language absent an ambiguity.
It is therefore my opinion that payment of lump sum sick leave to law enforcement officers under A.C.A. § 14-52-107 is limited to sixty calendar days salary, although they are entitled to accumulate a maximum of sixty working days sick leave.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You state above that the statute at issue requires cities to "pay" all law enforcement officers sick leave at the rate of twenty working days per year. The statute actually authorizes the accumulation of sick leave at this rate, to be used as needed for illnesses requiring absence from work. The statute authorizes the "payment" of unused sick leave only upon "retirement" or "death" at a rate not to exceed "sixty days salary" or ninety days salary if so provided by ordinance.
[2] The calculation as regards firefighters is discussed at length in Op. Att'y Gen. 93-013, and, as noted therein, is complicated by the fact that firefighters do not work ordinary eight hour days.